UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cr-00801-CAS-1 | Date | September 20, 2021 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | James Santiago, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RICARIDO SPIVEY | NOT | X | | HOWARD SHNEIDER | NOT | | X |

**Proceedings:** (IN CHAMBERS) - MOTION REQUESTING JUDICIAL RECOMMENDATION CONCERNING HALFWAY HOUSE PLACEMENT (Dkt. 64, filed July 9, 2021)

## I.   INTRODUCTION & BACKGROUND

On November 16, 2018, the government filed an Indictment as to Ricardo Spivey for Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). Dkt. 1. The government and defendant entered into a plea agreement, filed on August 15, 2019. Dkt. 20. Pursuant to the terms of the plea agreement, defendant agreed to plead guilty to Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), and the government agreed to dismiss the remaining count of the Indictment, Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349. Dkt. 20. On March 2, 2020, this Court sentenced defendant to twenty-four months of custody, followed by twelve months of supervised release, and ordered defendant to pay $239,873 in restitution. Dkts. 34, 35. The judgment and commitment order did not include a judicial recommendation regarding halfway house placement. Dkt. 35. The Court ordered defendant to self-surrender on or before May 18, 2020. Id. However, as a result of the COVID-19 pandemic, the Court granted four stipulations between the parties and one ex parte application by defendant to extend defendant's surrender date. Dkts. 38, 40, 42, 44, 51, 58, 62. Accordingly, defendant's self-surrender date was continued until March 3, 2021. Dkts. 51, 58.

On February 24, 2021, less than two weeks before defendant's surrender date, the Court issued a bench warrant for defendant's arrest as a result of defendant's alleged violations of the terms and conditions of defendant's pretrial release. See Dkts. 52, 54, 60. Defendant was arrested in the State of Florida on three charges, including tampering with a witness/victim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**            **'O'**

domestic battery, and criminal mischief.  Id.  Defendant was also alleged to have violated the conditions of his pretrial release by not actively seeking employment, not abiding by electronic monitoring conditions, and driving without a license.  Id.  The U.S. Marshals Service arrested defendant on March 1, 2021, and defendant remained in custody to serve his custodial sentence for this case.  Dkt. 61.  Accordingly, the Court recalled its bench warrant on March 5, 2021.  Id.  On March 10, 2021, it was verified that defendant had surrendered to the Federal Bureau of Prisons ("BOP").  Dkt. 62.

On July 9, 2021, less than five months into his sentence, defendant filed a pro se motion requesting that this Court recommend to the director of the BOP that defendant be placed at a Residential Reentry Center ("RRC") for the last twelve months of his incarceration.  Dkt. 64 ("Mot.").  In the alternative, defendant asked the Court to recommend that the BOP place defendant in "a combination of maximum halfway house placement and maximum home confinement."  Id. at 2.  The government filed an opposition asking the Court to deny defendant's motion on August 9, 2021.  Dkt. 67 ("Opp.").  On September 3, 2021, through counsel, defendant filed a reply in support of his motion requesting a recommendation for halfway house placement.  Dkt. 68 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

The decision to transfer an inmate to a RRC during the final months of imprisonment lies within the sound discretion of the BOP, which must consider the specific factors outlined by Congress in 18 U.S.C. 3621(b) in the exercise of its discretion.  See Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008); see also 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(1) (The BOP "shall, to the extent practicable" place defendant in "conditions that will afford [him] a reasonable opportunity to adjust to and prepare for" reentry into the community, which "may include [placement in] a community correctional facility," also known as an RRC, for a term not to exceed twelve months.).

A district court may recommend a "type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  This includes recommendations for placement in an RRC.  See United States v. Palacios, No. 05CR2203 IEG, 2007 WL 2410389, at *3 (S.D. Cal. July 14, 2007) (issuing order recommending placement in an RRC for final six months of custody); United States v. Qadri, No. CR 06-00469 LEK, 2017 WL 1011663, at *2 (D. Haw. Mar. 15, 2017) (granting defendant's motion for a judicial recommendation for placement in an RRC/halfway house for the maximum time permitted, which is twelve months).  However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of

imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

## III.  DISCUSSION

Defendant argues that "he is eligible for halfway house transfer now, and has only been submitted for [roughly] 6 months [of] halfway house" placement.  Mot. at 2.  Defendant contends that a twelve-month recommendation would allow defendant to "take advantage of the full 12 months that enables greater transition into society after so many years in prison" and that "there will be additional training and job opportunities to better prepare him for reentry." Id. Moreover, defendant contends that he has "enrolled in and completed programs and courses since he entered the system and finally arrived at [Federal Detention Center] Miami." Id. at 3.  However, defendant "is still waiting for paperwork from the facility to show his accomplishments." Id.   Defendant states that he has been informed that "he is not eligible for the one-year reduction in sentence pursuant to 18 U.S.C. § 3621(e) due to his length of sentence." Id.

In opposition, the government states that defendant's request was made "[l]ess than five months after the start of his mandatory two-year sentence" and would result in "halfway house placement for half of [defendant's] prison term." Opp. at 3 (emphasis in original).  Moreover, the government contends that "there is nothing in this case that would now support a Court recommendation for RRC placement" because in his sentencing position submission to the Court, defendant stated that he had employment opportunities waiting for him upon his release. Opp. at 7-8 (citing Dkt. 29).  According to the government, this obviates the need for placement in a RRC.  Finally, the government notes that defendant allegedly violated the conditions of his pretrial release, including by engaging in activity that resulted in an arrest on several Florida state charges.  Opp. at 8-9.  According to the government, "[s]uch conduct cannot support a recommendation for RRC placement, especially when the relief defendant seeks would apply to fifty percent of his sentence after serving less than a quarter of his mandatory two-year sentence." Id. at 9.[1]

In reply, the defendant argues that "[t]he state charges for which [defendant] was arrested [] were all ultimately dismissed approximately one month after they were filed." Reply at 2.

---

[1] The government further argues that the Court lacks jurisdiction to amend defendant's judgment more than 14 days after sentencing absent a court of appeals mandate.  Opp. at 6-7 (citing United States v. Ceballos, 671 F. 3d 852, 854 (9th Cir. 2011)).  However, the Court construes defendant's motion as seeking a judicial recommendation for placement in an RRC without any amendment or modification to the judgment itself.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**              **'O'**

Moreover, defendant contends that "[t]he assistance an RRC provides does not depend on the length of a person's sentence, or the resources available to them upon completion of their custodial term." Id. at 2-3.  Finally, the defense notes that defendant "has no criminal history beyond this case" and that "[t]he five months he has spent in custody, which the government characterizes as minimal, have in fact served as significant punishment." Id. at 3.

Here, although defendant has no prior convictions, he was accused of violating the conditions of his pretrial release after an arrest in Florida on multiple serious charges. Defendant was also accused of not actively seeking employment, not abiding by electronic monitoring conditions, and driving without a license.  These alleged violations led the Court to issue a bench warrant on February 24, 2021, less than two weeks before defendant's self-surrender date.  Moreover, the Court notes that defendant's request that he serve half of his mandatory sentence in a RRC is effectively a revision of the terms of his sentence.

After weighing all of the aforementioned considerations, and in light of defendant's alleged pretrial violations, the Court declines to recommend defendant for placement in a RRC. Defendant has provided the Court with limited information in his motion, and failed to persuade the Court that a judicial recommendation is appropriate here.  There is no reason that the BOP's current recommendation that defendant serve six months (i.e., twenty-five percent) of his sentence in a RRC will preclude him for adequate preparation for future employment.  In any event, the Court concludes that a judicial recommendation for early placement in a RRC is inappropriate, and defers decision-making regarding defendant's custodial placement to the BOP in its sound discretion and on a more comprehensive record of defendant's activities in prison.  See United States v. Lambert, No. 4:18-cr-00149-YGR, 2021 WL 632611, at *2 (N.D. Cal. Feb. 18, 2021) ("[T]he Court believes that the BOP is in the best position to evaluate defendant's current situation and make an appropriate determination as to RRC placement.").

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendant's motion for judicial recommendation concerning halfway house placement and defers to BOP's determinations regarding defendant's custodial placement.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |